Case No. 19-11398-CC

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ALLYS ALVAREZ,

Plaintiff/Appellant,

v.

CITY OF MIAMI BEACH,

Defendant/Appellee.

On Appeal From The United States District Court
For The Southern District of Florida, Miami Division
Case No. 18-22743-CIV-UU

**APPELLEE CITY OF MIAMI BEACH'S
MOTION TO ENFORCE MEDIATION SETTLEMENT AGREEMENT**

Robert F. Rosenwald, Jr.
First Assistant City Attorney
RAUL J. AGUILA, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 Convention Center Drive, 4th Floor
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (305) 673-7002

*Attorney for Appellee City of Miami Beach*

EXHIBIT A

Defendant/Appellee, the City of Miami Beach ("the City"), moves to enforce the Mediation Settlement Agreement ("the Agreement") reached between the parties at court-sanctioned mediation held at this Court's official Kinnard Mediation Center, and to require the Plaintiff/Appellant, Allys Alvarez ("Alvarez"), to execute the general release stipulated in the Agreement and take all steps necessary to obtain court approval of the Agreement. In support of the motion, the City states as follows:

## BACKGROUND

(1)     Plaintiff, *pro se*, filed suit on July 9, 2018 alleging that she had not been paid out-of-class wages that were due to her, that she had not been promoted, and that she was ultimately terminated on December 17, 2017 due to discrimination based upon her age and national origin. One of Plaintiff's claims in her lawsuit was that she was allegedly improperly asked to sign a general release during her employment in order to obtain out-of-class pay that she alleged she was due. She objected to signing the general release because she understood that signing a general release would waive all claims of any kind against the City up to that date. *See* ECF Nos. 1 & 5.

(2)     On September 27, 2018, the district court granted the City's motion for judgment on the pleadings without prejudice as to Plaintiff's claims for out-of-class wages because she had not included those claims in her EEOC charge of

discrimination. ECF No. 33. Upon information and belief, Plaintiff subsequently filed a new EEOC charge alleging that she had not been paid out-of-class wages that she claimed were due to her.

(3)  During the pendency of the lawsuit in the district court, the parties attended mediation. At that mediation, the parties engaged in negotiations. The City's various offers were all predicated upon Plaintiff's execution of a general release. Plaintiff understood that a general release would waive all claims, including her potential new claim for out-of-class wages. Based upon this understanding, and the City's insistence upon a general release, Plaintiff refused to settle the case for less than an amount not acceptable to the City.

(4)  On March 25, 2019, the district court granted final summary judgment to the City on all of Alvarez's remaining claims. ECF No. 66.

(5)  Plaintiff at that time obtained counsel, Scott Behren, to represent her in the case. Attorney Behren filed a notice of appeal. ECF No. 71. As part of the appellate process, this Court ordered the parties to attend a second mediation at the Court's own Kinnard Mediation Center led by Court-employed mediator Beth Greenfield-Mandler. *See* Order dated May 6, 2019. Alvarez attended the mediation with Attorney Behren on June 6, 2019.

(6)  Based upon Attorney Behren's effective advocacy of his client at the mediation, the City ultimately offered a much higher settlement amount than

originally contemplated in order to finally resolve all of Alvarez's potential claims and to obtain a general release from her of all claims. Based upon Alvarez's claims related to releases in the lawsuit, upon her participation in the district court mediation, and upon clear explanation by her attorney and the mediator at the Eleventh Circuit mediation, Alvarez was fully aware that settlement with a general release would waive all claims, including her potential out-of-class wage claim.

(7) Ultimately, the parties agreed to a written Mediation Settlement Agreement on June 6, 2019 that incorporated the following terms:

(a-d) The City agreed to pay Alvarez $50,000.00, rescind her termination, allow her to resign effective December 15, 2017, and withdraw its motion to tax costs.

(e-g) Alvarez agreed not to apply for future employment at the City, dismiss her lawsuit with prejudice, "execute a full and complete general release," and "execute any documents necessary to obtain court approval of any wage claim or any other claim that may require court approval." *See* Mediation Settlement Agreement, attached as Exhibit A.

(8) On June 14, 2019, Alvarez filed a Notice of Settlement in the district court (ECF No. 74), stating: "The parties advise this Court that settlement was reached between the parties in the 11th Circuit Mediation Conference, but the parties are in the process of preparing formal settlement papers."

3

(9) On June 25, 2019, Attorney Behren notified the City that Alvarez refused to execute the general release that had been provided to her, stating: "My client refuses to sign any agreement with a release of her wage claims even though she signed off on the agreement at mediation and it was all explained to her in full. I would suggest you file a Motion to Enforce Settlement with the DC or Appeals Court." *See* e-mail dated June 25, 2019 attached as Exhibit B.

(10) This is that motion.

(11) The City stands ready, willing, and able to perform its obligations under the Agreement. *See* City of Miami Beach Check No. 1011515, dated June 20, 2019, in the amount of $50,000.00 attached as Exhibit C.

## **MEMORANDUM OF LAW**

The Eleventh Circuit Court of Appeals "favor[s] and encourages settlements in order to conserve judicial resources." *Enriquez v. Williams*, 2010 WL 3608463 (M.D. Fla. 2010) adopted 2010 WL 3608437 (M.D. Fla. 2010) (*quoting Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1487 (11th Cir. 1994)). Settlement agreements are highly favored by the courts as a means of resolving disputes and will be enforced when it is possible to do so. *Murchison*, 13 F.3d at 1486.

Where parties to a mediation sign a term sheet, then after mediation attempt to negotiate a more formal and comprehensive settlement but fail to agree on the form of the comprehensive agreement, the term sheet will be an enforceable

contract where it "bears all the hallmarks of a binding agreement." *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV-HURLEY/HOPKINS, 2011 U.S. Dist. LEXIS 162937, at *6-7 (S.D. Fla. Feb. 2, 2011) (citing *Amer. Appraisal Assocs. Inc. V. Amer. Appraisals, Inc.*, 531 F.Supp.2d 1353, 1358 (S.D. Fla. 2008) (Tones, M.J.) ("The settlement agreement became legally binding after Defendant signed it.").

In *Watson v. Bank of Am. Corp.*, No. 13-CIV-81137-Marra/Matthewman, 2015 U.S. Dist. LEXIS 113441 (S.D. Fla. Aug. 21, 2015), Magistrate Matthewman reviewed a case where the parties had entered into an agreement in mediation and, subsequently, one of the parties tried to require additional, inconsistent terms in drafting a final settlement agreement. The magistrate, after hearing the testimony of the parties and reviewing the record, entered a report and recommendation stating:

> Plaintiffs had "buyers' remorse" and attempted to materially modify the Agreement. *See Devoux v. Wise*, No. 3:12—cv—540—J—34JBT, 2014 U.S. Dist. LEXIS 51884, 2014 WL 1457520, at *9 (M.D.Fla. Apr. 15, 2014) (quoting *McCormick v. Brzezinski*, No. 08-10075, 2010 U.S. Dist. LEXIS 36106, 2010 WL 1463176, at *6 (E.D.Mich. Apr. 13, 2010)). The undersigned recommends that the District Judge approve and enforce the Mediated Settlement Agreement as it incorporates all material terms of the parties' agreement reached at mediation. There is no need for execution of the contemplated Final Settlement Agreement by the parties, as the Mediated Settlement Agreement dated January 6, 2015 contains all material terms of the parties' [*17] settlement and is fully enforceable. Thus, the undersigned recommends that Defendants' Motion to Approve and Enforce Settlement Agreement and Incorporated Memorandum of

5

> Law [DE 54] be GRANTED to the extent Defendants ask the Court to approve and enforce the Mediated Settlement Agreement dated January 6, 2015.

*Id.* at *14-17.

Judge Marra adopted the report and recommendation and enforced the settlement. Case No. 9:13-cv-81137-KAM [D.E.74]. The court's decision in *Ellis v. Pro Sound, Inc.*, No. 15-20720-CIV-COOKE/TORRES, 2017 U.S. Dist. LEXIS 2810, at *5 (S.D. Fla. Jan. 6, 2017) reached a consistent result and enforced the mediated settlement.

In *Kent v. Baker,* the Eleventh Circuit held that a district court (and presumably this Court) has the authority to enforce a settlement agreement when, as in the present case, a party claims a breach of the settlement agreement before the case has been dismissed. 815 F.2d 1395, 1396 (11th Cir. 1987), *see also, Le Bon Pain, Inc. v. Guyon and Co., Inc.,* 720 F.Supp. 983, 985 (S.D. Fla. 1989)(holding that the court had subject matter jurisdiction to enforce the settlement agreement reached by the parties). In *Gomes v. Texaco Marine Services, Inc.,* the parties reached a settlement agreement during mediation which the plaintiff claimed was invalid because he did not understand the agreement. *Gomes,* 1991 WL 497779 (M.D. Fla.). The *Gomes* court granted the defendant's motion to enforce the settlement agreement entered into between the parties and dismissed the case with prejudice. *Id.*

Florida courts have made clear that when it is clear that there is an agreement regarding the "exact amount of money" to resolve a claim and all that is left is the execution of releases, a settlement should be enforced. *Dania Jai-Alai Palace, Inc. v. Sykes*, 495 So.2d 859 (Fla. 4th DCA 1986); *Bateski by and through Bateski v. Ransom*, 658 So.2d 630 (Fla. 2d DCA 1995); *see also, Boyko v. Ilardi*, 615 So. 2d 103 (Fla. 3d DCA 1993) ("the execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform").[1]

Here, while it is not clear why Alvarez has refused to execute the general release and related documents in accordance with the Mediation Settlement Agreement, it is clear that as of June 6, 2019 the City and Alvarez agreed to settle this case. Given the above facts, Alvarez's failure to execute the settlement documents, including the general release, and move to dismiss the case with

---

[1] Finally, Plaintiff's Agreement was a knowing, voluntary, and enforceable contract pursuant to the Age Discrimination in Employment Act ("ADEA") and Fair Labor Standards Act ("FLSA")(Alvarez did not designate any of her claims as arising under FLSA, but she threatened to bring a new lawsuit under, *inter alia*, FLSA in order to pursue her putative out-of-class wage claim) because the Agreement was reached at an official Court-conducted mediation, because Plaintiff was advised at all times by counsel, because Plaintiff possessed extensive prior experience with proposed general releases during her employment and at the first mediation, because there was a long period of time between Alvarez's December 15, 2017 termination and her June 6, 2019 execution of the Agreement, and because the Agreement contemplated court approval of the fairness of its terms. *Manning v. New York Univ.*, 2001 U.S. Dist. LEXIS 12697, *13-48 (S.D.N.Y. August 21, 2001); *Galanis v. Harmonie Club of N.Y.*, No. 1:13-cv-4344-GHW, 2014 U.S. Dist. LEXIS 140591, at *35-37 (S.D.N.Y. Oct. 2, 2014).

prejudice is a breach of the terms of the Mediation Settlement Agreement. As such, the City asks that the Court intervene to enforce the Mediation Settlement Agreement and require Alvarez to sign the settlement documents (including the general release).

WHEREFORE, the City respectfully requests that the Court enter an Order granting the Defendants' Motion to Enforce Mediation Settlement Agreement.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,904 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellee City of Miami Beach hereby certifies that the following are persons and entities that have an interest in the outcome of this appeal:

Aguila, Raul J. (Counsel for Defendant/Appellee)
Alvarez, Allys (Plaintiff/Appellant)
Behren, Scott M. (Counsel for Plaintiff/Appellant)

Behren Law Firm (Counsel for Plaintiff/Appellant)
City of Miami Beach (Defendant/Appellee)
Rosenwald, Robert F. (Counsel for Defendant/Appellee)

## CORPORATE DISCLOSURE STATEMENT

Appellee City of Miami Beach is a municipal corporation organized under the constitution and laws of the State of Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been emailed this 19th day of July, 2019 to: Scott M. Behren, Esquire at Scott@behrenlaw.com and Allys Alvarez @ allysalvarez@hotmail.com.

    Respectfully submitted,

    /s/ Robert F. Rosenwald, Jr.
    Robert F. Rosenwald, Jr.
    First Assistant City Attorney
    robertrosenwald@miamibeachfl.gov
    Florida Bar No. 0190039
    RAUL J. AGUILA, CITY ATTORNEY
    CITY OF MIAMI BEACH
    1700 Convention Center Drive, 4th Floor
    Miami Beach, Florida 33139
    Telephone: (305) 673-7470
    Facsimile: (305) 673-7002

## Mediation Settlement Agreement

Allys Alvarez
v.
City of Miami Beach

Case No. 19-11398
U.S. Court of Appeals for the Eleventh Circuit

1. This case is settled on the following terms:

   a. the city will pay the Plaintiff $50,000.00;
   b. mark termination letter as "Rescinded";
   c. accept voluntary Resignation letter dated as termination date;
   d. waive payment of costs motion for trial court;
   e. Plaintiff will execute a full and complete general Release and dismissal with prejudice of this case; and
   f. Plaintiff will execute any documents necessary to obtain court approval of any wage claim or any other claim that may require court approval.

   $1,000

5. Plaintiff will not apply for employment at the City in the future.

_____ 6/6/19       _____ 6/6/19
PL                      PL counsel
                        Scott Behren

_____               _____
CMB                     CMB counsel
Robert Aragon           Robert Rosenwald

EXHIBIT A

**Rosenwald, Rob**

| | |
|---|---|
| **From:** | Scott behren <scott.behren@gmail.com> |
| **Sent:** | Tuesday, June 25, 2019 12:17 PM |
| **To:** | Beth_Greenfield-Mandler@ca11.uscourts.gov |
| **Cc:** | Scott Behren; Rosenwald, Rob; Allys Alvarez |
| **Subject:** | Re: 19-11398 Alvarez v. City of Miami Beach |

Rob:

My client refuses to sign any agreement with a release of her wage claims even though she signed off on the agreement at mediation and it was all explained to her in full. I would suggest you file a Motion to Enforce Settlement with the DC or Appeals Court. Call or email me if you have any questions.

Scott Behren

On Thu, Jun 6, 2019 at 5:50 PM <Beth_Greenfield-Mandler@ca11.uscourts.gov> wrote:
> Dear Counsel;
> It was a pleasure working with both of you today. Please remember that the case is not automatically dismissed, nor are briefs extended by virtue of the settlement. I've attached dismissal procedures for you. Please call me if I can help in any way.
> Regards,
> Beth Greenfield-Mandler
>
>
> **Beth Greenfield-Mandler**
> **Circuit Mediator**
> **United States Court of Appeals, Eleventh Circuit**
> **99 N.E. 4th Street, Suite 933**
> **Miami, FL  33132**
> **305-714-1901**
> **Facsimile 305-714-1910**
> **beth_greenfield-mandler@ca11.uscourts.gov**
>
> This communication is confidential pursuant to the Rules of Appellate Procedure for the United States Court of Appeals for the Eleventh Circuit. It is intended only for the person to whom it is addressed. If you have received this message in error, please notify the sender immediately, delete this message from your computer memory and preserve the strict privacy and security of this communication.



--
Scott M. Behren, Esq.
Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, FL 33326
(954) 636-3802
Fax (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

**EXHIBIT B**

1

www.takethisjobnshoveitblog.com (employee rights blog)
Twitter: Flaemploylaw
**PLEASE NOTE OUR NEW ADDRESS AND CONTACT INFORMATION**

2

CITY OF MIAMI BEACH   MIAMI BEACH, FL, 33139

| Description | From Date | To Date | Invoice # | Invoice Amt | Amount |
|---|---|---|---|---|---|
| Settlement | | | | $0.00 | $50,000.00 |

Claim Number: DIS2016008931   Claimant: Allys Alvarez   Payee: Behren Law Firm, Trust Account
Check Number: 1011515   Total Check Amt: $50,000.00   Event Date: 1/11/2016   Department: 0360 Finance Administration

REMITTANCE STATEMENT- PLEASE DETACH BEFORE DEPOSITING

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD TO LIGHT TO VIEW

# MIAMIBEACH

**CITY OF MIAMI BEACH**
**Liability Claims Account**
c/o Risk Management Dept.
1700 Convention Center Drive
Miami Beach, FL 33139

SunTrust Bank, Miami
Miami Beach Branch
1111 Lincoln Road
Miami Beach, FL 33139

| DATE | CHECK NO. |
|---|---|
| 06/20/2019 | 1011515 |

AMOUNT
$ **50,000.00**

CITY OF MIAMI BEACH

PAY
TO THE ORDER OF

Fifty Thousand and 00/100 Dollars*****************************************

Behren Law Firm, Trust Account
1930 N. Commerce Parkway
Suite 4
Weston, FL 33326

EXHIBIT C